**Guttilla Murphy Anderson**
Ryan W. Anderson (Ariz. No. 020974)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: randerson@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Dina L. Anderson, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Christopher W. Demuth and Rebecca E. Eve,<br><br>Debtors. | Chapter 7<br><br>Case No. 2:20-bk-09299-PS<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019 BETWEEN TRUSTEE AND DEBTOR** |

Dina L. Anderson, the Chapter 7 Trustee herein (the "Trustee"), by and through the Trustee's duly authorized and undersigned attorneys, Guttilla Murphy Anderson, P.C., hereby moves this Court for an order granting the Trustee's *Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* (the "Motion"), between the Trustee and Christopher W. Demuth and Rebecca E. Eve ("Debtors") (collectively, the "Parties"). Trustee's Motion is supported by the following facts and analysis:

**I. FACTUAL BACKGROUND**

1. Christopher W. Demuth and Rebecca E. Eve (the "Debtors") filed a Voluntary Chapter 7 Petition on August 13, 2020 (the "Petition Date").

2. Debtors own real property located at 8407 East Orange Blossom Lane, Scottsdale Arizona ("Property"). The Property is encumbered by a mortgage in an amount

1 of approximately $360,878.59 and the Debtors claimed a homestead exemption in the
2 Property in the amount of $150,000.

3     3.    During the administration of the case, the Trustee contends that the Property
4 has appreciated in value and Property is currently worth as much as $675,000. The Debtors
5 have contested the Trustee's valuation, but concede that there is some amount of potential
6 non-exempt equity in the Property. While the value of the Property is in dispute, the Trustee
7 contends that if the Property were to be sold for $675,000 (the Trustee's valuation) after the
8 Debtor's mortgage is satisfied in the amount of approximately $364,387.07; the homestead
9 exemption of $150,000 is paid to the Debtors and expected costs of sale of approximately
10 8% of the gross sale proceeds or approximately $54,000.00 are paid, the non-exempt equity
11 available to the unsecured creditors is approximately $106,612.93.

12     4.    The Trustee and Debtors have now entered into a settlement agreement to
13 resolve certain claims that the Trustee has, or may have, against Debtors (the "Settlement
14 Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as
15 Exhibit "A" and is incorporated herein by reference. Under the terms of the Settlement
16 Agreement, Debtors shall pay the total amount of $98,000 to the Trustee ("Settlement
17 Funds") within sixty days of the execution of this Agreement and then the Trustee shall file
18 a formal abandonment of the property upon receipt of Debtors' Settlement Fund payment
19 and after the Court's approval of the Settlement Agreement.

20     5.    The Trustee asserts that approval of the Settlement Agreement is in the best
21 interest of the bankruptcy estate. Approval of the Settlement Agreement will allow the
22 bankruptcy estate to receive the total amount of $98,000 for the benefit of the creditors of

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

this estate and will further save the estate the cost, delay, uncertainty and inconvenience of litigation and possible collection costs. Accordingly, the Trustee submits that this Settlement Agreement is fair and reasonable and is in the best interest of the bankruptcy estate and all interested parties.

## II. ANALYSIS

6. The approval of a settlement agreement negotiated by a trustee is governed by the standards set forth by the Ninth Circuit in *In re Woodson*, 839 F.2d 610 (9th Cir. 1988). In *Woodson*, the Court identified the following factors as being necessary to determine whether a settlement is in the estate's best interest:

   a. The probability of success in the litigation;

   b. The difficulties of collection;

   c. The complexities of litigation and the expense, inconvenience and delay caused by such litigation; and

   d. The interest of the creditors with reasonable deference to their reasonable views.

7. The Ninth Circuit in *Woodson* declared that the Bankruptcy Court has great latitude in approving compromise agreements. *Id.*, 839 F.2d at 620. In considering the proposed Agreement, the Court need not decide the questions of law, or fact, raised in the controversies sought to be settled nor determine that the compromise is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the proposed Agreement falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert. denied* in *Benson v. Newman*, 409 U.S. 1039, 93 S.Ct.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

521 (1972); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a Bankruptcy Court must consider these factors in analyzing whether the settlement agreement falls below the lowest point in the range of reasonableness). Accordingly, if the Court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *See In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

8. Consideration of the *Woodson* factors supports the Court's approval of the Settlement between the Parties. Specifically, while real estate prices in Arizona appear to continue to appreciate, the Trustee believes that if it were necessary to liquidate the Property, the bankruptcy estate may only recover about $106,000 in proceeds from the sale. However, in sharp contrast to the time, fees, expenses and risks associated with liquidation of the Property in this bankruptcy case, this compromise provides $98,000 to the bankruptcy estate without undertaking the expensive and time-consuming endeavor of liquidating the real estate. Accordingly, it is in the best interests of the creditors that the Trustee recovers $98,000 for the benefit of the unsecured creditors, rather than expend estate resources trying to liquidate the Property in a volatile real estate market with the uncertainty that the net recovery to the bankruptcy estate will not exceed $98,000.

**WHEREFORE**, the Trustee respectfully requests an Order of this Court approving the Settlement Agreement attached hereto as Exhibit "A" between the Trustee and Christopher W. Demuth and Rebecca E. Eve utilizing a "negative notice" procedure in which interested parties and all creditors shall have a twenty-one (21) day period to file objections.

///

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Dated this 17th day of November 2021.

GUTTILLA MURPHY ANDERSON, P.C.


*/s/ Ryan W. Anderson*
Ryan W. Anderson
*Attorneys for the Trustee*

Copy of the foregoing mailed (and emailed where indicated) on November 17, 2021, to:

Christopher W. Demuth
Rebecca E. Eve
8407 East Orange Blossom Lane
Scottsdale, AZ 85250
*Debtors*

Kristopher Craig Childers
Compassionate Counsel
3260 N. Hayden Rd., Suite 210-1
Scottsdale, AZ 85251
*Counsel for the Debtors*

Attn: Capital One Auto Finance, a division of Capital One, N.A.
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
*Creditor*

James E. Shively
Ball, Santin & McLeran, PLC
2999 N. 44th Street, Suite 500
Phoenix, AZ 85018
*Attorney for TD Auto Finance LLC*

c/o Zwicker & Associates, P.C.
American Express National Bank
80 Minuteman Road, P.O. Box 9043
Andover, MA 01810-1041
*Agent for Creditor American Express National Bank*

Office of the United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

*/s/ Louis A Lofredo*

3225-001 (450159)

**Guttilla Murphy Anderson, P.C.**
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

# SETTLEMENT AGREEMENT

This settlement agreement and mutual release of liability (the "Agreement") is made by and between Dina L. Anderson, as Chapter 7 Trustee of the bankruptcy estate of In re: Christopher W. Demuth and Rebecca E. Eve, Case No. 2:20-bk-09299-PS (the "Trustee") and Christopher W. Demuth and Rebecca E. Eve ("Debtors"). The parties hereto are sometimes individually referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

1. On or about August 13, 2020 ("Petition Date") the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

2. Debtors own real property located at 8407 East Orange Blossom Lane, Scottsdale Arizona ("Property"). The Property is encumbered by a mortgage in an amount of approximately $360,878.59 and the Debtors claimed a homestead exemption in the Property in the amount of $150,000.

3. During the administration of the case, the Trustee contends that the Property has appreciated in value and Property is currently worth as much as $675,000. The Debtors have contested the Trustee's valuation, but concede that there is some amount of potential non-exempt equity in the Property.

4. Whereas without admitting the truth or validity of any claim or defense, the Parties desire to settle all claims that the Trustee or the Estate may have regarding the Property.

## AGREEMENT

In consideration of the above Recitals and the mutual promises contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

A. <u>Payment of Settlement Funds.</u> Debtors shall pay the total amount of $98,000 to the Trustee ("Settlement Funds"). Within sixty days of this Agreement, the Debtors shall pay the Settlement Funds to the Trustee in the form of certified funds made payable to "Dina L. Anderson, Trustee in 2:20-bk-09299." Settlement Funds shall be mailed directly to the Trustee at Dina L. Anderson, 21001 N. Tatum Blvd., Ste. 1630-608, Phoenix, AZ 85050.

B. <u>Abandonment of Property.</u> The Trustee shall formally abandon the Property from the Bankruptcy Estate upon receipt payment of the Settlement Funds.

C. <u>Approval of Agreement</u>. This Agreement is conditioned on the approval of the Bankruptcy Court. If such approval is not obtained, this Agreement shall be considered null and void and the Trustee shall return the Settlement Funds to the Debtors.

D.  **Liquidation of Property if Breach of Agreement.**  If the Debtors breach this Agreement by failing to deliver the Settlement Funds to the Trustee as set forth herein, the Trustee shall immediately liquidate the Property.

E.  **Rule 9019 Motion.**  Upon execution of this Agreement, Trustee shall file a motion for approval of this Agreement with the Bankruptcy Court pursuant to Bankruptcy Rule 9019, and shall provide appropriate notice of the same as required by the Bankruptcy Rules and local rules of bankruptcy procedure, and shall actively seek the Bankruptcy Court's approval of the same.

F.  **Mutual Releases. Mutual Releases.** The Trustee hereby, on her own behalf and on behalf of her attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Debtors and their attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the Property, except claims relating to enforcement of rights, duties or obligations under this Agreement. The Debtors hereby, on their own behalf and on behalf of their attorneys, employees, partners, agents, predecessors, successors, assigns, assignors, and legal representatives, releases and forever discharges the Trustee and Trustee's attorneys, employees, agents, predecessors, successors, assigns, assignors, executors, administrators, and legal representatives from any and all claims arising out of or relating to the Property, except claims relating to enforcement of rights, duties or obligations under this Agreement.

G.  **Attorneys' Fees.**  Each Party hereto shall be responsible for the payment of its own costs, attorneys' fees and all other expenses incurred in connection with the Trustee's investigation and this Agreement. If any Party commences an action against the other Party to enforce or interpret any of the terms hereof, the losing or defaulting Party shall pay to the prevailing Party as determined by the court all costs and expenses, including reasonable attorneys' fees and disbursements, incurred in connection with the prosecution or defense of such action.

H.  **Further Assurances.**  The Parties to this Agreement shall execute any further or additional instruments, and they shall perform any acts which may become necessary, in order to effectuate and carry out the purposes hereof.

I.  **Entire Agreement.**  This Agreement contains the entire agreement and understanding among the Parties concerning the subject hereof and supersedes and replaces all prior negotiations, agreements and proposed agreements, written or oral, relating thereto. Each of the Parties hereto acknowledges that no other Party, nor any agent or attorney of any Party, has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce it to execute this Agreement and acknowledges that this Agreement has not been executed in reliance on any promise, representation or warranty not contained herein. This Agreement shall not be amended, modified or supplemented at any time unless by a writing executed by the Parties hereto.

J.  **Opportunity to Consult with Counsel.**  The Parties acknowledge that they have had the opportunity to consult with and obtain the advice of counsel prior to entering this

2

Agreement, and have entered this Agreement voluntarily and free from coercion, duress or undue influence.

      K.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the state of Arizona applicable to contracts executed and intended to be performed entirely within the state of Arizona by residents of the state of Arizona.  Any action at law, suit in equity or judicial proceeding for the enforcement or interpretation of this Agreement or any provision therefore shall be instituted only in the Bankruptcy Court.

      L.    <u>Counterparts</u>.  This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      M.    <u>Representation of Authority</u>.  The signatories to this Agreement represent and warrant that they have full authority to execute this Agreement and to bind the Party on whose behalf they are signing to the provisions hereof.

      N.    <u>Severability</u>.  Should any portion of this Agreement be ruled unenforceable or invalid, such ruling shall not affect the enforceability or validity of the remaining portions of this Agreement.

      O.    <u>Headings</u>.  Article and section headings are inserted herein solely for convenience and the same shall not by themselves alter, modify, limit, expand or otherwise affect the meaning of any provision of this Agreement.

      P.    <u>Assignment and Binding Effect</u>.  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns; provided, however, that nothing herein shall relieve any Party of any obligation under this Agreement, except upon the express written consent of the other Party.

      Q.    <u>Interpretation</u>.  This Agreement shall be interpreted fairly in light of the intentions of the Parties as set forth in this Agreement.  The Parties each hereby waive the benefit of any rule or law or statute requiring that ambiguities be interpreted against the Party preparing the Agreement or causing the ambiguity.

      R.    <u>No Admissions</u>.  The execution of this Agreement is not to be construed as an admission of liability by either Party, or an acknowledgement by either Party that the other Party's claims have any basis, but is a compromise and settlement of disputed claims.

[<u>Signatures on following page</u>]

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the day and year written below.

Dina L. Anderson, Chapter 7 Trustee in 2:20-bk-09299-PS.

_[signature]_ Dated: 11/15/2021

Dina L. Anderson, Chapter 7 Trustee

_[signature]_ Dated: 11·10·2021

Christopher W. Demuth

_[signature]_ Dated: 11·10·2021

Rebecca E. Eve

3225-001 (448277)

4